Requestor: Charlene M. Indelicato, Esq., Corporation Counsel City of New Rochelle 515 North Avenue New Rochelle, N Y 10801
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have indicated that the City of New Rochelle currently purchases standby water for fire hydrants from a water-works corporation with the cost of water rental being paid out of the general tax funds of the city. You have asked whether the city may change the method of assessing the costs from real property taxation to assessments based on a benefit formula.
It appears that the city is constrained by section 42 of the Transportation Corporations Law to fund the costs of the contract through real property taxation. Under section 42, a city is empowered to contract with a water-works corporation for the delivery of water for the extinguishment of fires. Under that provision,
 "[t]he amount agreed to be paid shall be annually raised as a part of the expenses of such village or city, and shall be assessed, levied and collected in the same manner as other expenses . . .".
The language which requires expenses to be assessed, levied and collected in the same manner as other expenses is a reference to the general rule whereby cities fund their operations through real property taxation.See, for example, section 202 of the Town Law where similar language is used to distinguish between assessments on an ad valorem basis and assessments on a benefit basis.
We note that in a prior opinion, but in the absence of restrictive State law, we found that a city by local law may establish benefit assessments. Informal Opinion No. 92-33.
We conclude that expenses of a contract between a city and a water-works corporation for the provision of water to fire hydrants must be assessed through real property taxation.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.